UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Dionna Harrell, | Civil Action No.: _____ |
|         Plaintiff, | |
| v. | |
| Rite Aid Corporation; and DOES 1-10, inclusive, | COMPLAINT |
|         Defendants. | |

For this Complaint, the Plaintiff, Dionna Harrell, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Dionna Harrell ("Plaintiff"), is an adult individual residing in Coatesville, Pennsylvania, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

4. The Defendant, Rite Aid Corporation ("Rite Aid"), is a Delaware business entity with an address of 30 Hunter Lane, Camp Hill, Pennsylvania 17011, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Agents") are individual agents employed by Rite Aid and whose identities are currently unknown to Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6. Rite Aid at all times acted by and through one or more of the Agents.

## FACTS

7. In or around September 2016, Rite Aid began calling Plaintiff's cellular telephone, number 484-xxx-9896.

8. The calls were placed from telephone number 800-748-3243.

9. When Plaintiff answered the calls from Rite Aid, she heard a prerecorded message requesting a call back from a person who is unknown to Plaintiff.

10. The prerecorded message did not provide an option for Plaintiff to advise Rite Aid that they were calling the wrong number.

11. Plaintiff never provided Rite Aid with consent to contact Plaintiff on her cellular telephone for someone unknown to her.

12. On at least three separate occasions, Plaintiff called Rite Aid back in an effort to cease the wrong number calls.

13. Plaintiff repeatedly advised Rite Aid that she was being called in error, and as such, demanded that all calls to her cease.

14. Each time, Rite Aid apologized and assured Plaintiff that the calls would cease.

15. Nonetheless, Rite Aid continued to place automated call to Plaintiff.

16. Rite Aid's calls directly interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff paid for and caused Plaintiff a significant amount of anxiety, frustration and annoyance.

## COUNT I

### VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *ET SEQ.*

17. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. At all times mentioned herein and within the last four years, Defendants called Plaintiff on her cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

19. Plaintiff never provided her cellular telephone number to Defendants and never provided her consent to be contacted on her cellular telephone.

20. Defendants continued to place automated calls to Plaintiff's cellular telephone after being advised multiple times it had the wrong number and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

21. The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

22. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23. Each of the aforementioned calls made by Defendants constitutes a violation of the TCPA.

24. Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

25. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

- A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);
- B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);
- C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 19, 2017

Respectfully submitted,

By_____

Sergei Lemberg, Esq. (317359)
LEMBERG LAW, L.L.C.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff