# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIONNA HARRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil File No. 2:17-cv-02960-MSG |
| v. | ) |
| | ) |
| RITE AID CORPORATION, and | ) |
| DOES 1-10, inclusive, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

**AND NOW**, on this _____ day of _____, 2017, upon consideration of Defendant Rite Aid's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), it is hereby **ORDERED** that Plaintiff Dionna Harrell's Complaint is dismissed with prejudice.

BY THE COURT,

_____
The Honorable Mitchell S. Goldberg, U.S.D.J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIONNA HARRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil File No. 2:17-cv-02960-MSG |
| v. | ) |
| | ) |
| RITE AID CORPORATION, and | ) |
| DOES 1-10, inclusive, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT RITE AID'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

For the reasons set forth in the accompanying memorandum of law, Defendant Rite Aid Corporation, through its undersigned counsel, hereby moves this Court to dismiss Plaintiff's complaint against it pursuant to Federal Rule of Civil Procedure 12(b)(6).

Date:   September 8, 2017

Respectfully submitted,

*/s/ Brian P. Downey*
Brian P. Downey (PA 59891)
PEPPER HAMILTON LLP
Suite 200, 100 Market Street
P.O. Box 1181
Harrisburg, PA 17108-1181
Phone:          717.255.1192
Facsimile:     717.238.0575
downeyb@pepperlaw.com

        Sheppard, Mullin, Richter & Hampton LLP
        LISA S. YUN (*pro hac vice* approved)
        501 West Broadway, 19th Floor
        San Diego, California 92101-3598
        Telephone: 619.338.6500
        Facsimile: 619.234.3815
        lyun@sheppardmullin.com

*Attorneys for Defendant*
RITE AID CORPORATION

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIONNA HARRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil File No. 2:17-cv-02960-MSG |
| v. | ) |
| | ) |
| RITE AID CORPORATION, and | ) |
| DOES 1-10, inclusive, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF RITE AID'S MOTION TO DISMISS COMPLAINT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Rite Aid Corporation ("Rite Aid") files this Motion to Dismiss and Memorandum of Law.

**I.**

**INTRODUCTION**

The Court should dismiss Plaintiff Dionna Harrell's complaint alleging violations of the federal Telephone Consumer Protection Act ("TCPA") because the calls claimed here are exempt from the TCPA. Rite Aid is a pharmacy that provides a valuable prescription notification service to its existing patients alerting them when their prescriptions are ready for pick up. Plaintiff complains that Rite Aid mistakenly called her on her cellular phone regarding prescription medications filled by another Rite Aid patient. (Compl. ¶ 9.) Plaintiff claims

"gotcha" strict liability and seeks to recover a statutory penalty of $500 to $1,500 per each allegedly mistaken prescription notification.  (*Id.* ¶¶ 24-25.)

Plaintiff's claim fails because the calls are covered by the emergency purpose exemption and therefore do not violate the TCPA.  *See* 47 U.S.C. § 227(b)(1)(A).  The Federal Communications Commission ("FCC"), charged with regulating the TCPA, has made clear that this exemption is broad.  Pursuant to the emergency purpose exception, calls "made necessary in *any* situation affecting the health and safety of consumers" are completely exempt from the TCPA.  47 C.F.R. § 64.1200(f)(4) (emphasis added).  Further, one of the only courts to have addressed the issue holds that this exemption applies to mistaken calls relating to prescription medications like those at issue here.

Both law and policy support this conclusion.  Under the plain language of the TCPA's emergency purpose exemption, the FCC's broad interpretation of this exemption, and the only on-point mistaken call case, the exemption applies to calls like those here.

As for public policy, patients have a compelling health interest in receiving updates from their pharmacy on the status of their prescription medication—*i.e.*, whether a prescription ordered is now available for pickup, whether refills are necessary, etc.  To impose strict liability for mistaken calls (due to a number being reassigned or a mistaken transcription) could cause pharmacies to discontinue this valuable service to existing patients.  If patients do not receive timely notice regarding their prescriptions, this could, in some instances, cause injury or even death.  On the other hand, mistakenly called individuals face, at most, the annoyance of a few unwelcome calls.  Pharmacies like Rite Aid have no interest in making such calls to anyone other than their patients.  Like the law, public policy also favors no liability here.

Accordingly, the Court should dismiss the TCPA claims with prejudice under Rule 12(b)(6).

## II.

## PROCEDURAL HISTORY AND ALLEGATIONS

The case is one of two nearly identical cases Plaintiff filed against Rite Aid in the Eastern District of Pennsylvania.  On June 15, 2017, Plaintiff filed Case No. 17-2705-MSG against Rite Aid alleging violations of the TCPA ("First TCPA Case").  Four days later, on June 19, 2017, Plaintiff filed this nearly identical complaint against Rite Aid in the instant case.  On July 7, 2017, Plaintiff voluntarily dismissed the First TCPA Case.

Plaintiff alleges she received automated prescription alert calls on her cell phone from Rite Aid.  (Compl. ¶ 18.)  According to Plaintiff's complaint in her First TCPA Case, the prerecorded message was intended to inform Rite Aid patient "Rosetta" that "[he]r prescription is ready."  (First TCPA Case, Compl. ¶¶ 19, 22.)  Plaintiff claims she does not know "Rosetta" and did not consent to the calls.  (*Id.*; Compl. ¶¶ 9, 11.)  She alleges that the "calls directly interfered with [her] right to peacefully enjoy a service that [she] paid for and caused [her] a significant amount of anxiety, frustration and annoyance."  (Compl. ¶ 16.)  Plaintiff seeks statutory penalties of $500 to $1,500 for each call.  (Compl. ¶¶ 24-25.)

## III.

## STANDARD FOR DISMISSAL

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) authorizes a motion to dismiss for "failure to state a claim upon which relief can

-3-

be granted." Dismissal is appropriate if the alleged facts show there is no right to recover as a matter of law. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007); *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220-21 (3d. Cir. 2011).

## IV.

## PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE TCPA

The three elements of a TCPA claim are: (1) the defendant called a cellular telephone; (2) using an automatic telephone dialing system and/or prerecorded or artificial voice; (3) without the recipient's "prior express consent." 47 U.S.C. § 227(b)(1). The TCPA, however, completely exempts calls "made for emergency purposes." *See* 47 U.S.C. § 227(b)(1)(A); 47 C.F.R. § 64.1200(a)(1). The TCPA also authorizes the FCC to create other exemptions, and the FCC has exempted from the TCPA exigent healthcare related calls, specifically including the prescription notification calls alleged here.

### A.   The Prescription Alerts Calls Are Exempt Under The Emergency Purpose Exception

The FCC broadly defines this emergency purpose exception to include "calls made necessary in **any** situation affecting the health and safety of consumers." 47 C.F.R. § 64.1200(f)(4) (emphasis added). The FCC has emphasized that the TCPA has a "**broad exemption** for emergency calls." *In re Rules and Regulations Implementing the TCPA*, 7 FCC Rcd 8752, 8778 (Oct. 16, 1992) (emphasis added). "[T]he plain language of the regulation in no way limits its application based on the size or public impact of the reason for the call." *Roberts v. Medco Health Solutions, Inc.*, No. 4:15 CV 1368 CDP, 2016 U.S. Dist. LEXIS 97177, at *7-*8 (D. Mo. July 26, 2016).

-4-

The *Roberts* case is the only case that has addressed the precise issue here – mistaken prescription notification calls. In that case, the plaintiff "purchased a pre-paid cell phone and was assigned a phone number that had previously been assigned to someone else. Shortly thereafter, she began receiving automated calls from defendants that were intended to reach the former owners of the number." *Id.* at *3. The plaintiff claimed that the defendant pharmacy "placed more than 100 calls to her cell phone number without obtaining her consent" in violation of the TCPA. *Id.* at *1.

The court dismissed the plaintiff's claim at the pleading stage, concluding that the TCPA claim failed because the calls at issue were "covered under the 'emergency purposes' exception to the TCPA." *Id.* at *7. The court explained that calls **"involving an attempt to confirm or refill a prescription order, schedule a prescription delivery, or confirm a prescription is on its way, fall within the ambit of 'calls made necessary in any situation affecting the health and safety of consumers**.'" *Id.* at *8 (emphasis added).

The court rejected the plaintiff's argument that the exception is "limited to large scale emergencies," as "the plain language of the regulation in **no way limits its application** based on the size or public impact of the reason for the call." *Id.* at *7-8 (emphasis added). The court recognized that "in many instances **a patient's ability to timely receive a prescribed medicine is critical in preventing a major health emergency**." *Id.* at *8 (emphasis added). Accordingly, the court held that the defendant's calls did not violate the TCPA based on the emergency purpose exception. *Id.* at *9.

Here too, the prescription alert calls to Plaintiff served an emergency purpose because they related to the "health and safety" of a Rite Aid patient. "Archetypical [health care]

-5-

messages include 'immunization reminders,' ... 'prescription notifications,' … and flu shot notices." *Sullivan v. All Web Leads, Inc.*, Case No. 17 C 1307, 2017 U.S. Dist. LEXIS 84232, at *12 (N.D. Ill. June 1, 2017) (citing *Zani v. Rite Aid Headquarters Corp.*, No. 14 C 9701, 2017 U.S. Dist. LEXIS 53772, 2017 WL 1383969, at *9-12 (S.D.N.Y. Mar. 30, 2017); *Jackson v. Safeway, Inc.*, No. 15 C 4419, 2016 U.S. Dist. LEXIS 140763, 2016 WL 5907917, at *8-9 (N.D. Cal. Oct. 11, 2016)).

Plaintiff admits that the calls were made to inform a patient that the prescriptions she requested to be filled were "ready" for pick up at the pharmacy. (First TCPA Case, Compl. ¶ 19.) Thus, this is not a case where a pharmacy is calling a patient about a prescription that he/she did not want or need. Rather, Rite Aid called its patient about her prescription, but the calls were mistakenly sent to Plaintiff. Because the prescription notification calls relate to the health and safety of the Rite Aid patient who requested and wanted the calls, a complete exemption applies. For this reason, Plaintiff's Complaint should be dismissed with prejudice.

**B.     The Plain Language Of The Healthcare Rule Provides A Complete Exemption**

The 2013 Healthcare Rule also provides a complete exemption for healthcare-related calls to cell phones. That rule states:

> (a) No person or entity may . . .
>
> (2) Initiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to [cell phones], other than a call made with the prior express written consent of the called party . . . or a call that delivers a "health care" message made by, or on behalf of, a "covered entity" or its "business associate," as those terms are defined in the HIPAA Privacy Rule, 45 CFR 160.103.

47 C.F.R. § 64.1200(a)(2).

Court decisions interpreting this rule indicate that healthcare messages like those alleged here are exempt from the TCPA's consent requirements. *See Zani*, 2017 U.S. Dist. LEXIS 53772 at *46 (noting "the plain meaning of the regulation compels the above-stated conclusion" that "The Text of the Regulation Makes Clear that the Health Care Rule is an Exception to the Telemarketing Rule"); *Jackson*, 2016 U.S. Dist. LEXIS 140763 at *7 n.10 ("Under the plain language of [the provision], it appears that a [health care message] is not subject to *any* consent requirement, written or otherwise." (emphasis in original)).

Patients have a compelling health interest in receiving updates from their pharmacy on the status of their prescription medication. This is especially important for patients who suffer from severe or chronic medical conditions and those who require life-saving prescription medications. Moreover, for patients who suffer from communicable illnesses, such notifications are important to the health and safety of not only the patient, but the community at large. To impose strict liability for mistaken calls (due to human error for example) could cause pharmacies and other healthcare providers to discontinue valuable services to their existing patients.

In any event, the emergency purpose exemption should apply as the plain language of the TCPA, regulatory interpretation by the FCC, on-point case law, and public policy all favor broad application of this exemption to prescription medication calls.

V.

**CONCLUSION**

Rite Aid respectfully requests that the Court dismiss Plaintiff's Complaint against Rite Aid with prejudice.

Date:   September 8, 2017

Respectfully submitted,

*/s/ Brian P. Downey*
Brian P. Downey (PA 59891)
PEPPER HAMILTON LLP
Suite 200, 100 Market Street
P.O. Box 1181
Harrisburg, PA 17108-1181
Phone:          717.255.1192
Facsimile:     717.238.0575
downeyb@pepperlaw.com

Sheppard, Mullin, Richter & Hampton LLP
LISA S. YUN (*pro hac vice* approved)
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone: 619.338.6500
Facsimile: 619.234.3815
lyun@sheppardmullin.com

*Attorneys for Defendant*
*RITE AID CORPORATION*

## CERTIFICATE OF SERVICE

I, Brian P. Downey, hereby certify that on September 8, 2017, I electronically filed the foregoing DEFENDANT RITE AID'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6), which shall send notification of such filing to counsel of record for all parties.

Date:   September 8, 2017

Respectfully submitted,

*/s/ Brian P. Downey*
Brian P. Downey (PA 59891)
PEPPER HAMILTON LLP
Suite 200, 100 Market Street
P.O. Box 1181
Harrisburg, PA 17108-1181
Phone:        717.255.1192
Facsimile:    717.238.0575
downeyb@pepperlaw.com

*Attorney for Defendant*
*RITE AID CORPORATION*