IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DIONNA HARRELL,** | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| v. | : | No. 17-2960 |
| **RITE AID CORPORATION, et al.,** | : | |
| *Defendants.* | : | |

# ORDER

**AND NOW,** this 26th day of July, 2018, upon consideration of "Defendant Rite Aid's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)," and Plaintiff's Response thereto, I find as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**[1]

1. Plaintiff Dionna Harrell filed this lawsuit on June 26, 2017, in response to a series of prerecorded telephone calls she received from Defendant Rite Aid Corporation. Plaintiff claims that the calls violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "the Act"). (Compl. ¶¶ 7-25.)

2. Plaintiff's Complaint alleges the following:

   - Beginning in September, 2016, Plaintiff received a series of calls on her cellular telephone from a number belonging to Defendant. Each call played a recorded message and "request[ed] a call back from a person unknown to Plaintiff." (Compl. ¶¶ 7-9.)

---

[1] When deciding a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court must assume the veracity of all well-pleaded facts found in the complaint. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). I assume that all the facts found in the Complaint are true.

1

- On at least three occasions, Plaintiff called back to report that the calls were in error and to ask that Defendant stop calling. Nevertheless, the calls continued. (Id. ¶¶ 12-15.)

- The calls caused Plaintiff to suffer loss of her "right to peacefully enjoy a service that Plaintiff paid for," as well as "anxiety, frustration and annoyance." (Id. ¶ 16.)

3. Plaintiff brings a claim against Defendant for violations of the Act. (Compl. ¶¶ 17-25.) Plaintiff seeks statutory damages of $500 for each negligent violation and up to $1,500 for each willful violation. (Id. at 3 ("Prayer for Relief").)

4. Defendant has moved to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). Because I find Defendant's arguments to be factual, Defendant's Motion to Dismiss is premature. I will therefore deny the Motion.

**LEGAL STANDARD**

5. To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plausibility standard requires more than a "sheer possibility that a defendant has acted unlawfully." Id. To determine the sufficiency of a complaint under Twombly and Iqbal, a court must take the following three steps: (1) the court must "take note of the elements a plaintiff must plead to state a claim;" (2) the court should identify the allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth;" and (3) "where there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) (alterations and citations omitted).

**DISCUSSION**

6. The Act prohibits "mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using . . . an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii). A person may bring an action to recover monetary loss from a violation, or to recover statutory damages. § 227(b)(3)(B), (b)(3).

7. Plaintiff alleges that Defendant placed calls to her cellular telephone using a prerecorded voice, and that the calls were made without her consent. (Compl. ¶¶ 7-11.) Accordingly, Plaintiff has pleaded a prima facie violation of the Act. See Richardson v. Verde Energy USA, Inc., No. 5:15-cv-6325, 2016 WL 7380708, at *2 (E.D. Pa. Dec. 19, 2016).

8. Defendant argues that the alleged calls fall within two exceptions to the Act, such that the Complaint fails to state a claim. The two exceptions are the "emergency purposes" exception, which exempts calls made for emergency purposes, and the "health care" exception, the meaning of which is discussed below.

Emergency Purposes Exception

9. The Act does not prohibit calls made "for emergency purposes." 47 U.S.C. § 227(b)(1)(A). The Federal Communications Commission ("FCC") has defined "for emergency purposes" to mean "necessary in any situation affecting the health and safety of consumers." 47 C.F.R. § 64.1200(f)(4).[2]

10. The emergency purposes exception is an affirmative defense to the Act. Kolinek v. Walgreen Co., No. 1:13-cv-04806, 2014 WL 12772279, at *1 (N.D. Ill. Aug. 11, 2014). Therefore, dismissal is appropriate only if the defense is clear on the face of the

---

[2] The FCC has statutory authority to "prescribe regulations to implement the requirements of" the Act. § 227(b)(2).

Complaint. Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 657-58 (3d Cir. 2003). Plaintiff need not plead facts to refute an affirmative defense. Schmidt v. Skolas, 770 F.3d 241, 248 (3d Cir. 2014).

11. Defendant argues that the alleged calls were prescription reminders, and that such calls meet the FCC's definition of "emergency purposes" because they affect the health of consumers. Although the nature of the calls is not alleged in the Complaint, Defendant points to an earlier complaint—one that Plaintiff filed under a different docket number—in which Plaintiff alleged that the calls played a prerecorded message stating "your prescription is ready." See Harrell v. Rite Aid Corp., No. 2:17-cv-02705, Doc. No. 1 (E.D. Pa., filed June 15, 2017). Plaintiff voluntarily dismissed this separate action, shortly after initiating the instant one.

12. Even taking as true the additional allegations in the previous complaint—that the calls at issue were prescription reminders—the question of whether those calls fell within the emergency purposes exception cannot be determined absent further factual development.[3] Although it is conceivable that some prescription reminder calls, even when made in error, might qualify as emergency calls, see Roberts v. Medco Health Sols., Inc., No. 4:15-cv-1368, 2016 WL 3997071 (E.D. Mo. July 26, 2016), other facts may bear on this question, such as whether the pharmacy was on notice that it was calling the wrong number. See St. Clair v. CVS Pharmacy, Inc., 222 F. Supp. 3d 779, 781 (N.D. Cal. 2016) (finding it relevant that the plaintiff "ha[d] explicitly told [the] pharmacy that he [did] not want or need calls about a prescription"); Coleman v. Rite Aid of Ga., Inc., 284 F. Supp. 3d 1343, 1346-47 (N.D. Ga. 2018) (finding it relevant that the plaintiff "made [the

---

[3] Plaintiff argues that she is not bound by the complaint in her previous lawsuit. In light of my decision here, it is unnecessary to decide this question.

defendant] aware that the calls were placed to the wrong person and regarded medication that was not his"); Fennell v. CVS Pharmacy, No. 2:16-cv-1739, Doc. No. 41, at 1 n.1 (E.D. Pa. Apr. 3, 2017) (rejecting the argument that "all calls relating to the recipient's prescriptions—irrespective of the purpose or content of the call and the nature of the prescription at issue—are necessarily made for emergency purposes as a matter of law").

13. I agree with the reasoning in St. Clair, Coleman, and Fennell that it cannot be said, as a matter of law, that any telephone call mentioning a prescription, no matter to whom placed and no matter the circumstances, is necessarily an emergency call. Resolution of that question must await factual development. Accordingly, I find that the emergency purposes exception does not require dismissal of Plaintiff's claims at this early stage of the proceedings.

Health Care Exception

14. Defendant also argues that an FCC regulation, 47 C.F.R. § 64.1200(a)(2), exempts calls related to health care from the Act's prohibitions. Plaintiff responds that Defendant's reading of the regulation is erroneous, and that, while the regulation exempts health care calls from some requirements, it is not a wholesale exemption from the Act.

15. The regulation states, in relevant part:

> (a) No person or entity may:
>
> (1) Except as provided in paragraph (a)(2) . . . , initiate any telephone call (other than a call made for emergency purposes or is made with the prior express consent of the called party) using . . . an artificial or prerecorded voice . . . [t]o any telephone number assigned to a . . . cellular telephone service . . . .
>
> (2) Initiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using . . . an artificial or prerecorded voice, to any of the lines or telephone numbers described [above], other than a call made with the prior express written consent of the called party or the prior express consent of the called party

5

  when the call is made by or on behalf of a tax-exempt nonprofit organization, *or a call that delivers a "health care" message made by, or on behalf of, a "covered entity" or its "business associate," as those terms are defined in the HIPAA Privacy Rule, 45 CFR 160.103*.

47 C.F.R. § 64.1200 (emphasis added).

16. Defendant reads the language in (a)(2) that is italicized above to mean that a call that includes a "health care" message is exempt from the need to obtain any prior consent, written or otherwise, either by (a)(1) or (a)(2). See Jackson v. Safeway, Inc., No. 3:15-cv-04419, 2016 WL 5907917, at *7 n.10 (N.D. Cal. Oct. 11, 2016) (noting in dicta that this reading appears to be consistent with the plain language). However, an alternative reading of this language, offered by Plaintiff, is that it exempts such calls only from (a)(2)'s requirement of obtaining *written* consent, and that the prohibition in (a)(1) against calls made without *any* consent, oral or written, still applies. See Coleman, 284 F. Supp. 3d at 1348 (noting the permissibility of both readings).

17. The FCC has noted in passing that it adheres to Plaintiff's interpretation. See In re Rules & Regulations Implementing the TCP Act of 1991 et al., 30 FCC Rcd. 7961, 8030 n.481 (July 10, 2015) ("HIPAA-covered autodialed, prerecorded voice, and artificial voice calls to a wireless number are exempt from the TCPA's written consent requirement but are still covered by the general consent requirement."), vacated in part on unrelated grounds, ACA Int'l v. FCC, 885 F.3d 687, 691 (D.C. Cir. 2018); In re Comment on Petition for Expedited Declaratory Ruling and Exemption, 29 FCC Rcd. 15267, 15267 n.7 (Jan. 16, 2015) ("HIPAA-covered autodialed or prerecorded calls to a wireless number are exempt from the written consent requirement. These calls are still covered by the general consent requirement in 64.1200(a)(1)." (citation omitted)). Because I find that the language of the regulation is ambiguous, and that the FCC's interpretation of its own regulation is

reasonable, I will defer to it under <u>Auer v. Robbins</u>, 519 U.S. 452, 461 (1997). <u>See</u> <u>Coleman</u>, 284 F. Supp. 3d at 1348 (affording <u>Auer</u> deference to the FCC's reading of the health care exception).

18. Accordingly, the health care exception, like the emergency purposes exception, does not require dismissal of Plaintiff's claims at this early stage of the proceedings.

**WHEREFORE**, it is hereby **ORDERED** that Defendant Ride Aid Corporation's Motion to Dismiss (Doc. No. 8) is **DENIED**.

**BY THE COURT:**

**/s/ Mitchell S. Goldberg**

**MITCHELL S. GOLDBERG, J.**