IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIONNA HARRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil File No. 2:17-cv-02960-MSG |
| v. | ) |
| | ) |
| RITE AID CORPORATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT RITE AID'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Rite Aid Corporation ("Rite Aid") submits the following Answer and affirmative defenses to the Complaint of Plaintiff Dionna Harrell for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

**JURISDICTION**

1. Rite Aid admits that Plaintiff brought this action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), but denies that it violated the TCPA.

2. Rite Aid admits that it does business in this District and admits that venue is proper. Any remaining allegations of paragraph 2 are denied.

## PARTIES

3. Rite Aid lacks sufficient information or knowledge regarding the allegations of paragraph 3 and on that basis denies them. Rite Aid does not respond to the legal conclusions.

4. Rite Aid admits that it is a Delaware corporation with its headquarters located at 30 Hunter Lane, Camp Hill, Pennsylvania 17011. Rite Aid does not respond to the legal conclusions.

5. Rite Aid lacks sufficient information or knowledge regarding the allegations of paragraph 5 and on that basis denies them.

6. Rite Aid lacks sufficient information or knowledge regarding the allegations of paragraph 6 and on that basis denies them.

## FACTS

7. Rite Aid admits that it called the number ending in 9896 in September 2016 in an attempt to reach another patient regarding his prescriptions.

8. Rite Aid admits the allegations of paragraph 8.

9. Rite Aid lacks sufficient information or knowledge regarding the allegations of paragraph 9 and on that basis denies them.

10. Rite Aid lacks sufficient information or knowledge regarding the allegations of paragraph 10 and on that basis denies them.

-3-

11. Rite Aid lacks sufficient information or knowledge regarding the allegations of paragraph 11 and on that basis denies them.

12. Rite Aid lacks sufficient information or knowledge regarding the allegations of paragraph 12 and on that basis denies them.

13. Rite Aid lacks sufficient information or knowledge regarding the allegations of paragraph 13 and on that basis denies them.

14. Rite Aid lacks sufficient information or knowledge regarding the allegations of paragraph 14 and on that basis denies them.

15. Rite Aid lacks sufficient information or knowledge regarding the allegations of paragraph 15 and on that basis denies them.

16. Rite Aid lacks sufficient information or knowledge regarding the allegations of paragraph 16 and on that basis denies them.

## COUNT I

### VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *ET SEQ.*

17. Though no response is required to paragraph 17, Rite Aid incorporates its previous responses.

18. Rite Aid lacks sufficient information or knowledge regarding the allegations of paragraph 18 and on that basis denies them.

19. Rite Aid lacks sufficient information or knowledge regarding the allegations of paragraph 19 and on that basis denies them.

20. Rite Aid denies the allegations of paragraph 20.

21. Rite Aid lacks sufficient information or knowledge regarding the allegations of paragraph 21 and on that basis denies them.

22. Rite Aid denies the allegations of paragraph 22.

23. Rite Aid denies the allegations of paragraph 23.

24. Rite Aid denies the allegations of paragraph 24.

25. Rite Aid denies the allegations of paragraph 25.

## **PRAYER FOR RELIEF**

Rite Aid denies that Plaintiff is entitled to any relief in connection with the allegations set forth in the Complaint, including without limitation, the relief sought in paragraphs (A) through (C) of the WHEREFORE clause. Rite Aid admits that Plaintiff demands a trial by jury but does not respond to Plaintiff's legal conclusion that she is entitled to one.

## AFFIRMATIVE DEFENSES

Rite Aid alleges the following affirmative defenses.  Rite Aid asserts these affirmative defenses prior to discovery, to preserve its rights, and to preclude any claim of waiver.  By alleging these affirmative defenses, Rite Aid does not admit to any facts or that it has the burden of proof and/or persuasion.

### FIRST AFFIRMATIVE DEFENSE
### Prior Express Consent

1. Plaintiff—or her agent, sibling, predecessor-in-interest, spouse, relative, friend, or other appropriate person—gave sufficient prior express consent for any calls.  Further, Rite Aid's patient gave prior express consent to receive the prescription medication calls at issue and never revoked consent.

### SECOND AFFIRMATIVE DEFENSE
### Health Care Message Exemption

2. All calls, if any, made to Plaintiff were health care messages and therefore exempt from the TCPA, or at least from any requirement of prior express written consent.

### THIRD AFFIRMATIVE DEFENSE
### Emergency Purpose Exception

3. All calls, if any, made to Plaintiff related to the "health and safety" of Rite Aid's patient and are therefore exempt from the TCPA.

## FOURTH AFFIRMATIVE DEFENSE
Laches

4. Plaintiff has delayed inexcusably and unreasonably in the filing of this action causing substantial prejudice to Rite Aid and, thus, Plaintiff's claims are barred by the equitable doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE
No Agency

5. Anyone who may have made the alleged calls was not an employee or agent of Rite Aid, and thus Rite Aid cannot be liable.

## SIXTH AFFIRMATIVE DEFENSE
No Ratification

6. Rite Aid did not ratify or approve of any intentional, willful, malicious, fraudulent, or oppressive acts of any of its employees, agents, or independent contractors.

## SEVENTH AFFIRMATIVE DEFENSE
Fault of Third Parties

7. Third parties to this action caused or contributed to Plaintiff's damages.

## EIGHTH AFFIRMATIVE DEFENSE
Unclean Hands

8. The doctrine of unclean hands bars Plaintiff from recovering.

### NINTH AFFIRMATIVE DEFENSE
FCC Primary Jurisdiction

9. The FCC has primary jurisdiction regarding some or all of the issues in dispute in this matter.

### TENTH AFFIRMATIVE DEFENSE
No Use of ATDS

10. No calls were made using an "Automatic Telephone Dialing System" within the meaning of the Telephone Consumer Protection Act ("TCPA").

### ELEVENTH AFFIRMATIVE DEFENSE
No Use of Prerecorded or Artificial Voice

11. No calls were made using an artificial or prerecorded voice.

### TWELFTH AFFIRMATIVE DEFENSE
Lack of Intent/Good Faith

12. Rite Aid acted in good faith and without intent to harm Plaintiff or to engage in any known wrongful act or violation of law. If any violation occurred, it was in error, notwithstanding the maintenance of procedures reasonably adopted to avoid wrongful acts or violations of law.

### THIRTEENTH AFFIRMATIVE DEFENSE
Preemption

13. Plaintiff's claims are preempted.

### FOURTEENTH AFFIRMATIVE DEFENSE
Abstention

14. The Court should abstain from adjudicating Plaintiff's claims.

### FIFTEENTH AFFIRMATIVE DEFENSE
### Illegal

15. Plaintiff's claims are barred in whole or part, by law.

### SIXTEENTH AFFIRMATIVE DEFENSE
### Compliance with Law

16. Rite Aid's conduct was prescribed by law and Rite Aid complied with that law. Rite Aid is therefore shielded from liability.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### Waiver

17. The doctrine of waiver bars Plaintiff from recovering.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### Estoppel

18. The doctrine of estoppel bars Plaintiff from recovering.

### NINETEENTH AFFIRMATIVE DEFENSE
### Fault of Plaintiff

19. Plaintiff, by her own conduct, caused or contributed to her damages.

### TWENTIETH AFFIRMATIVE DEFENSE
### Standing/Jurisdiction

20. Plaintiff lacks standing to bring her claim, in part, because she did not suffer any actual injury. Thus, this Court lacks Article III jurisdiction.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### Failure to Mitigate

21. Plaintiff has failed to mitigate her damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
No Knowing or Willful Misconduct

22. Any conduct or violation by Rite Aid was not knowing or willful.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
No Proximate Cause

23. Rite Aid did not proximately cause any damages, injury, or violation alleged in the Complaint.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
No Statutory Damages/Due Process

24. Plaintiff's statutory damage claim fails to meet the requirements of the law, violates Rite Aid's due process rights protected by the U.S. and Pennsylvania Constitutions, and violates the constitutional prohibition against excessive fines.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
Privilege

25. Rite Aid's actions were privileged, and thus shielded from liability.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
Justification

26. Rite Aid's actions were justified, and thus shielded from liability.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
*De Minimus* Harm

27. The contribution of Rite Aid to Plaintiff's alleged harm, if any, was *de minimus*.

## TWENTY-EIGHTH AFFIRMATIVE DESENSE
### Failure to State a Claim

28.     Plaintiff's complaint fails to state a claim for relief.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### Constitutional Defense

29.     Plaintiff's claims are barred by the U.S. Constitution, including, but not limited to, the Due Process Clause and the First Amendment.

## **RESERVATION OF RIGHT TO AMEND**

Rite Aid reserves the right to amend its answer to incorporate additional affirmative defenses at a later time.

## **PRAYER FOR RELIEF**

Rite Aid prays for relief as follows:

1.      That Plaintiff take nothing by reason of her Complaint;

2.      That judgment be entered in Rite Aid's favor;

3.      That Rite Aid be awarded its reasonable costs and, if applicable, fees; and

4.      That Rite Aid be awarded such other and further relief as this Court deems just and proper.

| | |
|---|---|
| Date: August 8, 2018 | Respectfully submitted,<br><br>*/s/ Brian P. Downey*<br>Brian P. Downey (PA 59891)<br>Craig G. Steen (PA 321269)<br>PEPPER HAMILTON LLP<br>Suite 200, 100 Market Street<br>P.O. Box 1181<br>Harrisburg, PA 17108-1181<br>Phone: 717.255.1192<br>Facsimile: 717.238.0575<br>downeyb@pepperlaw.com<br>steenc@pepperlaw.com<br><br>Sheppard, Mullin, Richter & Hampton LLP<br>LISA S. YUN (*pro hac vice* approved)<br>501 West Broadway, 19th Floor<br>San Diego, California 92101-3598<br>Telephone: 619.338.6500<br>Facsimile: 619.234.3815<br>lyun@sheppardmullin.com<br><br>Attorneys for Defendant<br>RITE AID CORPORATION |

## CERTIFICATE OF SERVICE

I, Brian P. Downey, hereby certify that on August 8, 2018, I electronically filed the foregoing DEFENDANT RITE AID'S ANSWER TO PLAINTIFF'S COMPLAINT, which shall send notification of such filing to counsel of record for all parties.

Date: August 8, 2018

Respectfully submitted,

*/s/ Brian P. Downey*
Brian P. Downey (PA 59891)
PEPPER HAMILTON LLP
Suite 200, 100 Market Street
P.O. Box 1181
Harrisburg, PA 17108-1181
Phone: 717.255.1192
Facsimile: 717.238.0575
downeyb@pepperlaw.com
steenc@pepperlaw.com

*Attorney for Defendant*
*RITE AID CORPORATION*