UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Dionna Harrell, | : |
| | : |
| Plaintiff, | : Civil Action No.: 2:17-cv-02960-MSG |
| v. | : |
| | : |
| Rite Aid Corporation; and DOES 1-10, Inclusive, | : |
| | : |
| Defendants. | : |

**JOINT REPORT BY COUNSEL TO THE COURT OF RULE 26(f) MEETING**

In compliance with Federal Rule of Civil Procedure 26(f), counsel for the parties jointly report as follows:

1. Jurisdiction: State the basis for jurisdiction of the Court: Federal question jurisdiction under 28 U.S.C. § 1331 as this matter arises from the Telephone Consumer Protection Act, 47 U.S.C. § 227.

Rite Aid reserves the right to argue that this Court lacks subject matter jurisdiction due to lack of Article III standing and/or on the basis that the Federal Communications Commission has the primary jurisdiction to address the issues here.

Rite Aid also contends that Plaintiff has sued the wrong entity. Rite Aid Corporation is a holding company. It does not have any employees and does not own or operate pharmacies in Pennsylvania. The entity that administers the prescription notification calls at issue in this case is "Rite Aid Hdqtrs. Corp." It is a subsidiary of Rite Aid Corporation and is the correct entity here.

2. Trial:
    (a) Jury Trial      __X__
    (b) Non-Jury Trial      _____
    (c) Arbitration      _____
    (d) Cross Motions for Summary Judgment (no testimony required)      _____
    (Check One)

3. Plaintiff Counsel: Name(s) of Plaintiff counsel attending Rule 16 Conference:

    Sergei Lemberg & Stephen Taylor, Lemberg Law, LLC

4. Defense Counsel: Name(s) of Defense counsel attending Rule 16 Conference:

   Lisa Yun, Sheppard, Mullin, Richter & Hampton LLP

5. Date of Rule 26 Conference: State the date the parties held required Rule 26 Conference:

   September 5, 2018.

6. Compliance with Rule 26(a) Self-Executing Disclosure Requirement: Have all parties complied with Rule 26(a) duty of self-executing disclosure?

   (a)   Yes_____   No__X__   (Check One)
   (b)   If no, state date compliance will occur: ___September 28, 2018_____

7. Discovery:

   (a) Fact Discovery

      (i)    The parties anticipate that fact discovery will be completed within 120 days.

      (iii)  Do the parties anticipate serving Interrogatories and/or Requests for Production?

             Yes__X__  No_____   (Check One)

      (iv) Have Interrogatories and/or Requests for Production been served?

             Plaintiff Yes_____   No___X___   (Check One)
             Defendant Yes_____   No__X___   (Check One)

   (b)   Expert Discovery

             Does either side anticipate the use of experts?
             Plaintiff Yes__X__  No_____   (Check One)
             Defendant Yes_X__  No_____   (Check One)

   (c) Electronic Discovery

      It is expected that the parties will reach an agreement on how to conduct electronic discovery. In the event the parties cannot reach such an agreement before the Rule 16 scheduling conference, the Court will enter an order incorporating default standards. The default order can be viewed on the Court's web site at the link for "Judges' Info", then proceed to "District Court Judges", then proceed to "Joseph F. Leeson, Jr." to view "Order Governing Electronic Discovery".

(d) <u>Claims of Privilege</u>

    Have the parties discussed issues relating to claims of privilege or of protection of trial-preparation material, as required by Rule 26(f)(3)(D)?

    Yes__X__  No_____ (Check One)

(e) <u>Other Discovery Issues</u>

    Identify any other discovery issues which should be addressed at the Rule 16 Conference, including limitations on discovery, protective Orders needed, or other elements which should be included in a particularized discovery plan.

    Rite Aid anticipates that a protective order will be necessary to govern the production and handling of privileged, confidential, proprietary, HIPAA-protected, and otherwise sensitive discovery materials in this matter. Rite Aid contends that a protective order is particularly important in this case given that the allegations concern prescription medication alerts protected by federal and state privacy laws.

8. <u>Case Dispositive Motions:</u> Does either side expect to file a case-dispositive motion?

    (a) Plaintiff Yes__X_ No____ (Check One)

        (i)    If yes, under what Rule:  __Fed. R. Civ. P. 56_____

    (ii) If yes, specify the issue(s): <u>____Following Discovery, Plaintiff intends on filing a motion for summary judgment on the issues of liability and damages under the TCPA. Further, Plaintiff intends on amending his complaint to assert class action allegations. Plaintiff anticipates filing a motion for class certification following the close of discovery.</u>

    (b) Defendant Yes__X__ No____ (Check One)
        (i) If yes, under what Rule:  ____Fed. R. Civ. P. 56_____
        (ii) If yes, specify the issue(s): <u>Rite Aid will oppose any motion for class certification and reserves the right to bring an affirmative motion to deny or limit class certification. Rite Aid anticipates filing a motion for summary judgment on the issue of liability and damages under the TCPA.</u>

9<u>. Settlement:</u>

    Local Rule 53.3 requires litigants in all civil actions to consider the use of an alternative dispute resolution process ("ADR"), such as mediation or settlement conferences. The parties should familiarize themselves with this Rule before responding to the following questions.

    (a)    (i) Do the parties want to explore with the Court the possibility of

        settlement at the Rule 16 Conference?

            Plaintiff Yes__X____ No_____ (Check One)
            Defendant Yes_X____ No_____ (Check One)

        (ii) Will all counsel have full authority to settle at Rule 16 Conference?
            Yes_____ No_X__ (Check One)

(b)    Has the Plaintiff submitted a demand for settlement to Defendant?
        Yes_____ No__X___ (Check One)

(c)    Is a settlement conference at a future date likely to be helpful? ___No____
        If so, when:

Plaintiff believes that a settlement conference will be constructive following the filing of Plaintiff's amended complaint asserting class allegations and sufficient discovery to determine the scope of class laiblity.

(d)    Explain any decision not to seek early resolution through ADR, and provide any other pertinent information about the discussions the parties have had about ADR: __Absent discovery, the Parties do not believe an additional ADR conference will be fruitful_

10. Estimated Trial Ready Date: Approximate date case should be trial-ready: April 19, 2019.

11. Estimated Number of Days for Trial:
        (a) For Plaintiff's case: ___4_____
        (b) For Defendant's case: 1 (if an individual case); unknown (if any class is certified)

12. Disposition by U.S. Magistrate Judge: Following consultation with your clients, do you agree to proceed before a U.S. Magistrate Judge for final disposition?
        Yes_____ No__X__ (Check One)
        If yes, all counsel are to sign the attached Consent and Reference of a Civil Action to a Magistrate Judge form and return to Judge Leeson's Chambers at least 48 hours before the Initial Rule 16 Pretrial Conference. Thereupon the Initial Rule 16 Conference will be cancelled by Judge Leeson, the case will be re-assigned to the docket of Judge Perkin, and Judge Perkin will determine future scheduling of the case.

13. Other Matters: Indicate discussion and any agreement on any matters not addressed above, or such matters upon which the involvement of the Court is requested.
_____

14. Summary of Claims, Defenses and Relevant Issues: The Complaint and Answer

are docketed with the Court and available for review, however, the facts supporting those claims and defenses are not fully known. Therefore, both sides are to set forth concisely the factual background that the parties contend support their claims and defenses (not to exceed one page in length per party):

Plaintiff: contends that Defendant violated the TCPA by placing prerecorded telephone calls to her cellular telephone number without her prior express consent in attempts to reach another person. Plaintiff contends that Defendant persisted on placing such calls to her number even after Plaintiff advised Defendant was calling the wrong party.

Plaintiff intends on amending her complaint to assert claims on behalf of a class of similarly situated consumers.

Defendant: Rite Aid contends it did not violate the TCPA. Plaintiff has been a Rite Aid patient since 2001 and agreed in writing that Rite Aid could contact her regarding refill reminders. Plaintiff also applied for and received a discount card from Rite Aid, and thereby agreed to be marketed to by Rite Aid. Furthermore, Rite Aid cannot be liable for the calls because the TCPA completely exempts prescription notification calls at issue here under the emergency purpose exemption. The calls at issue pertained to the health and safety of another Rite Aid patient who signed up for the prescription alerts using the phone number Plaintiff claims is her number. The patient's prescription history shows that he suffered from severe medical conditions that urgently required potentially life-saving prescription medication. Thus, as requested, Rite Aid sent the patient alerts notifying him when his prescriptions were ready for pick up. This patient never revoked his consent. Since these prescription alerts were intended to protect the health and safety of Rite Aid's patient, the calls are covered by the emergency purpose exception and are completely exempt from the TCPA.

Rite Aid opposes any attempt to amend the complaint to add class claims and class certification is not appropriate here.

| /s/Sergei Lemberg | /s/ Lisa Yun |
|---|---|
| (Signature) | (Signature) |
| Name of Attorney: Sergei Lemberg | Name of Attorney: Lisa Yun |
| Counsel For: Plaintiff | Counsel For: Defendant |
| Law Firm Name: Lemberg Law | Law Firm Name: Sheppard, Mullin, Richter & Hampton LLP |
| Address: 43 Danbury Road, Wilton, CT | Address: 501 W. Broadway, 19th Floor, San Diego, CA 92101 |
| Telephone: 203-653-2250 ext. 5501 | Telephone: 619-338-6541 |
| Fax: 203-653-3424 | Fax 619-234-3815 |
| E-Mail: slemberg@lemberglaw.com | E-Mail: lyun@sheppardmullin.com |
| Date: 8/29/2018 | Date: 9/14/2018 |