UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DIONNA HARRELL,

    Plaintiff,

v.

RITE AID CORPORATION,

    Defendant.

Civil File No. 2:17-cv-02960-MSG

**DEFENDANT RITE AID'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant Rite Aid Corporation ("Rite Aid") hereby responds in opposition to Plaintiff Dionna Harrell's Motion for Leave to File a First Amended Class Action Complaint ("Motion").

**I.    INTRODUCTION**

Over a year after filing her original complaint, Plaintiff now seeks to transform her individual complaint against Rite Aid into a putative nationwide class action lawsuit, based on nothing more than speculation that other class members surely must exist. This Court should not allow her to make such an amendment.

Plaintiff's Motion is premised on the desire to add conclusory allegations that Rite Aid "has a practice and policy of not only placing persistent and continuous prerecorded and artificial voice calls to persons regarding unrelated individuals, but a practice of continuing to place those calls even after being informed it is calling the wrong person." (Motion, at 1.) Neither Plaintiff's original Complaint nor Plaintiff's instant Motion supports these allegations. In fact,

-1-

Plaintiff has not offered any further factual allegations to support the contention that such a practice or policy actually exists.  Indeed, as common sense dictates, Rite Aid only contacts patients at the numbers they provide to the pharmacy and has no interest in making prescription notification calls to anyone other than its patients due to HIPAA, among other things.  Thus, Plaintiff's proposed amendments are insufficient to satisfy the minimal pleading requirements under *Iqbal*/*Twombly*, and therefore Plaintiff's proposed amendments should be denied as futile.

The proposed amendments also "fail to allege facts from which the court could reasonably infer [that] the mandatory prerequisites of Fed. R. Civ. P. 23(a) have been met," which is another basis on which the Court must deny leave to amend.  *See Landgraff v. GEMB*, Civil Action No. 06-1703, 2007 U.S. Dist. LEXIS 26907, at *13 (E.D. Pa. Apr. 10, 2007).  Any attempt to identify a class will be fraught with legal and practical issues, and each purported instance of alleged misconduct will present individualized claims and defenses not suitable for class treatment.  Simply put, Plaintiff has not made even a minimal showing of how she can expect to satisfy the class-certification requirements of numerosity, commonality, typicality, and adequacy.

Finally, Plaintiff has unduly delayed in seeking these amendments.  The proposed class claims arise out of facts that were known to the Plaintiff more than a year and three months ago. Plaintiff has had ample opportunity to amend her Complaint, but instead chose not to do so. Plaintiff does not offer any adequate justification for the delay or for her failure to assert the proposed class claims in the present action.  For the reasons set forth in greater detail below, Plaintiff's Motion should be denied.

## II.     BACKGROUND AND PROCEDURAL HISTORY

Rite Aid is a pharmacy that provides a valuable prescription notification service to its existing patients alerting them when their prescriptions are ready for pick up.  Plaintiff filed the present case on June 19, 2017, alleging that Rite Aid violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") by mistakenly calling her on her cellular phone regarding prescription medications filled for another Rite Aid patient.  The present case is nearly identical to Case No. 17-2705-MSG ("First TCPA Case"), which Plaintiff filed against Rite Aid four days prior on June 15, 2017.  Plaintiff voluntarily dismissed the First TCPA Case on July 7, 2017.

More specifically, Plaintiff alleges that she received "wrong number" automated prescription alert calls on her cell phone from Rite Aid.  (Compl. ¶ 18.)  According to Plaintiff's complaint in her First TCPA Case, the prerecorded messages were intended to inform Rite Aid patient "Rosetta" that "[he]r prescription is ready."  (First TCPA Case, Compl. ¶¶ 19, 22.)  Plaintiff claims she does not know "Rosetta" and did not consent to the calls.  (*Id.*; Compl. ¶¶ 9, 11.)  Plaintiff also asserts that although she advised Rite Aid on three separate occasions that "she was being called in error," Rite Aid allegedly continued to place automated calls to Plaintiff.  (Compl. ¶¶ 13, 15; First Amended Complaint ("FAC") ¶¶ 10, 12.)  Plaintiff asserts that the "calls directly interfered with [her] right to peacefully enjoy a service that [she] paid for and caused [her] a significant amount of anxiety, frustration and annoyance."  (Compl. ¶ 16; FAC ¶ 13.)

Now, Plaintiff seeks to transform her individual action into a class action, despite the lack of any purported knowledge or facts that others were affected by the alleged misconduct.

Plaintiff also claims "gotcha" strict liability, seeking to recover a statutory penalty of $500 to $1,500 per call for herself and the putative class.  (Motion, Ex. A, ¶¶ 29, 36.)  The class Plaintiff seeks to certify is as follows:

> All persons within the United States, who received one or more rerecorded or artificial voice calls, from or on behalf of Defendant, to said person's cellular telephone, regarding an unrelated person, after instructing the Defendant to stop calling, within the four years prior to the filing of the Complaint.

(Motion, Ex. A, ¶ 15.)  Plaintiff's Motion should be denied as futile and unduly delayed.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its pleading by leave of court.  FED. R. CIV. P. 15(a)(2).  While Rule 15(a)(2) provides that courts should "freely give leave when justice so requires[,]" *id.*, a district court has discretion to deny leave to amend on grounds that "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). At issue here are the first and second bases for denying leave to amend.

### IV. THE COURT SHOULD DENY PLAINTIFF'S MOTION

#### A. Any Class Action Amendment Here Will Be Futile

"Under Rule 15(a), futility of amendment is a sufficient basis to deny leave to amend." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010) (affirming the district court's denial of leave to amend "on the ground that leave to amend would have been futile.").  Plaintiff's proposed amendments will be futile because (1) they fail to satisfy the minimal pleading requirements of *Iqbal/Twombly*; and (2) Plaintiff cannot expect to

satisfy the mandatory prerequisites for class certification under Federal Rule of Civil Procedure 23(a).

                1.     *Plaintiff cannot satisfy the minimal pleading requirements of Iqbal/Twombly*

"Futility 'means that the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *Great W. Mining & Mineral Co*, 615 F.3d at 175 (quoting *In re Merck & Co. Sec., Derivative, & ERISA Litig.*, 493 F.3d 393, 400 (3d Cir. 2007)). Thus, "[t]he standard used to evaluate [a] proposed amendment's futility is the same used for a Rule 12(b)(6) motion to dismiss." *Conover v. Rash Curtis & Assocs.*, Civil Case No. 3:15-CV-08381-FLW-TJB, 2016 U.S. Dist. LEXIS 89835, at *9 (D.N.J. July 12, 2016) (citing *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000)). To withstand dismissal under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard requires more than a 'sheer possibility that a defendant has acted unlawfully.'" *Fusco v. Uber Techs., Inc.*, No. 17-00036, 2018 U.S. Dist. LEXIS 126428, at *10 (E.D. Pa. July 27, 2018) (Goldberg, U.S.D.J.) (citing *Iqbal*, 556 U.S. at 678). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Here, Plaintiff's Motion is premised on the desire to add conclusory allegations that Rite Aid "has a practice and policy of not only placing persistent and continuous prerecorded and artificial voice calls to persons regarding unrelated individuals, but a practice of continuing to place those calls even after being informed it is calling the wrong person." (Motion, at 1.)

Plaintiff's proposed amendments offer nothing more than a "mere possibility" that such a practice or policy exists. Indeed, Plaintiff has not offered any further factual allegations to support this contention. On the other hand, common sense informs us that pharmacies such as Rite Aid have no desire to send HIPAA-protected medical information to individuals other than their patients. Plaintiff's Motion should be denied on this basis alone.

> 2. *Plaintiff cannot satisfy the mandatory prerequisites for class certification under Federal Rule of Civil Procedure 23(a)*

Plaintiff's proposed amendments also fail to explain how class certification is practical or even possible in this case. "Where a proposed amendment to assert a class action fails to allege facts from which the court could reasonably infer the mandatory prerequisites of Fed. R. Civ. P. 23(a) have been met, the motion for leave to amend should be denied." *Landgraff v. GEMB*, Civil Action No. 06-1703, 2007 U.S. Dist. LEXIS 26907, at *13 (E.D. Pa. Apr. 10, 2007) (denying plaintiff's motion for leave to amend to assert a class action claim, concluding that "[c]ommon questions of law and fact do not predominate, [plaintiff's] claims are not typical of the claims of the entire class, and [plaintiff] would not fairly and adequately protect the interests of the entire class.") (citing *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1033 (6th Cir. 1992) (holding that the district court properly denied plaintiff's proposed amendment because the "proposed amendment failed to allege facts from which the district court reasonably infer that the mandatory prerequisites of Fed. R. Civ. P. 23(a) had been met"); *Dong v. Board of Educ. of Rochester Cmty. Sch.*, 197 F.3d 793, 804 (6th Cir. 1999) (affirming the district court's denial of plaintiff's motion to amend because "the proposed amended complaint did not allege facts sufficient to show that joinder of the putative class members would be impractical as is required under Fed. R. Civ. P. 23(a).")). *See also Perman v. Stonebridge Life Ins. Co.*, No. 10-CV-3720

WJM-JAD, 2011 U.S. Dist. LEXIS 37417, at *10 (D.N.J. Apr. 4, 2011) (denying the plaintiff's motion for leave to file an amended complaint to add class claims on grounds that the plaintiff "has failed to adequately demonstrate numerosity, commonality, typicality, and adequacy as required under Fed. R. Civ. P. 23(a) for class certification.").

Plaintiff seeks to certify a class of individuals who received calls from Rite Aid meant for another patient after the individual told Rite Aid to stop calling. Any attempt to identify a class of mistakenly-called individuals will be fraught with individual issues. A class of mistakenly-dialed consumers cannot be ascertained without individualized inquiries as to whether any particular call was made to a patient who consented or, mistakenly, to someone else. There is no feasible way to do this, especially because patient names, phone numbers, and records are protected by HIPAA (in addition to state laws that are more stringent than HIPAA). Additionally, it is common for patients' family members or caregivers with different last names to pick up prescription medications on the patients' behalf. Thus, to determine whether any particular call was made to a patient who consented or, mistakenly, to someone else, Rite Aid would have to manually review every call made to a patient, and then independently determine whether the patient provided a correct phone number on their patient profile and whether the correct phone number was dialed.

Even if this was feasible (and it is not), there will be individual issues as to whether "some prescription reminder calls, even when made in error, might qualify as emergency calls" which are exempt under the TCPA, and "whether the pharmacy was on notice that it was calling the wrong number." (*See* Order Denying Motion to Dismiss, Dkt. No. 12 at 4.) Indeed, "the question of whether those calls fell within the emergency purpose exception cannot be

determined absent further factual development." (*Id.*) For example, in some instances, if patients do not receive timely notice regarding their prescriptions, this could lead to injury or even death. Thus, as this Court has already indicated, determining whether the emergency purpose exemption applies necessarily involves individualized inquires not suitable for class treatment.

Finally, it is also unlikely that Plaintiff will be able to satisfy Rule 23(a)(4) which requires that "the representative parties will fairly and adequately protect the interests of the class." Plaintiff will have to devote time to rebut individual defenses that she consented to the alleged notification calls, that she knew the patient who Rite Aid intended to reach, and that she may have been the individual who provided Rite Aid with the phone number to call the patient regarding his or her prescriptions. These defenses are unique to Plaintiff and may become the focus of the litigation.

Plaintiff will not be able to satisfy the pleading standard under *Iqbal*/*Twombly*, nor will Plaintiff be able to certify the class of mistakenly called individuals, as set forth in Plaintiff's proposed FAC. Thus, any amendment to allege class claims will be futile.

### B. Plaintiff Had Ample Opportunity To Amend Her Complaint In Her Two Actions But Failed To Do So Sooner

The Court should also deny leave to amend because, in addition to being futile, plaintiff unduly delayed in seeking the amendment. A court may deny leave if a plaintiff's delay in seeking amendment is "undue." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). "Delay becomes 'undue,' and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend." *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir.

2008) (citing *Cureton*, 252 F.3d at 273). Thus, the question of undue delay requires courts to "focus on the movant's reasons for not amending sooner." *Cureton*, 252 F.3d at 273 (citations omitted). "The concept of 'undue delay' includes consideration of whether new information came to light or was available earlier to the moving party." *In re Adams Golf, Inc. Sec. Litig.*, 381 F.3d 267, 280 (3d Cir. 2004).

Plaintiff has unduly delayed in seeking to convert her individual action into a class action. The proposed class claims arise out of facts that were known to Plaintiff early on in the First TCPA Case and in this action, both of which were filed back in June 2017. But Plaintiff decided not to allege any class claims at that time. Although Plaintiff had ample opportunity to seek amendment, she did not seek leave to assert the proposed class claims until October 4, 2018, a year and three months after initiating the First TCPA Case and the present action. Plaintiff does not offer any adequate justification for the delay or her failure to assert the proposed class claims in either action. *See Cureton*, 252 F.3d at 273. The Court should therefore deny Plaintiff's motion in light of undue delay.

### V.      CONCLUSION

For the foregoing reasons, Rite Aid respectfully requests that the Court deny Plaintiff's Motion for Leave to File a First Amended Class Action Complaint.

Date: October 18, 2018                                   Respectfully submitted,

*/s/ Brian P. Downey*
Brian P. Downey (PA 59891)
Craig G. Steen (PA 321269)
PEPPER HAMILTON LLP
Suite 200, 100 Market Street
P.O. Box 1181
Harrisburg, PA 17108-1181
Phone:        717.255.1192
Facsimile:    717.238.0575
downeyb@pepperlaw.com
steenc@pepperlaw.com

Sheppard, Mullin, Richter & Hampton LLP
LISA S. YUN (*pro hac vice* approved)
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone: 619.338.6500
Facsimile: 619.234.3815
lyun@sheppardmullin.com

*Attorneys for Defendant*
*RITE AID CORPORATION*

## CERTIFICATE OF SERVICE

I, Brian P. Downey, hereby certify that on October 18, 2018, I electronically filed the foregoing Defendant Rite Aid's Response in Opposition to Plaintiff's Motion for Leave to File a First Amended Class Action Complaint, which shall send notification of such filing to counsel of record for all parties.

Date:   October 18, 2018

Respectfully submitted,

*/s/ Brian P. Downey*
Brian P. Downey (PA 59891)
Craig G. Steen (PA 321269)
PEPPER HAMILTON LLP
Suite 200, 100 Market Street
P.O. Box 1181
Harrisburg, PA 17108-1181
Phone:        717.255.1192
Facsimile:    717.238.0575
downeyb@pepperlaw.com
steenc@pepperlaw.com

*Attorneys for Defendant*
*RITE AID CORPORATION*